UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANDERSON CARDOZA,

Civil Case No.:

**COMPLAINT**

Plaintiff,

- against -

TBJK CORP. d/b/a MIDORI SUSHI & STEAKHOUSE,
DE FENG WANG individually,

Defendants.

-------------------------------------------------------------------X

Plaintiff, Anderson Cardoza ("Plaintiff"), by and through his attorneys, Vincent Bauer of The Law Offices of Vincent E. Bauer as and for his complaint against of TBJK Corp. d/b/a, Midori Sushi & Steakhouse ("TBJK Corp."), De Feng Wang ("Feng Wang") individually (collectively "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action, on behalf of himself to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks, for himself unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

2. Plaintiff further complains on behalf of himself that he is entitled to unpaid wages and wage notice and statement damages pursuant to the NYLL, Article 6, §§ 190 et seq.; NYLL, Article 19, §§ 650 et seq.; and its supporting regulations, 12 N.Y.C.R.R. § 142-2-2.

3. Plaintiff further brings this action because Defendants failed to pay Plaintiff spread-of-hours compensation for each day in which Plaintiff's spread of hours exceeded ten hours, or had a split shift, or some combination, in violation of 12 N.Y.C.R.R. § 142-2.4.

4. Plaintiff further brings this action because Defendants failed to pay Plaintiff weekly, as he was a manual laborer in violation of New York Labor law § 191 frequency of wage payment provision and seek liquidated damages for this violation pursuant to NYLL § 198.

5. Plaintiff further brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§ 195 (1) and (3).

6. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensation for their failure to pay at a proper frequency, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b), (c) and 217; and 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims within this complaint took place in this judicial district.

## PARTIES

**Plaintiff Anderson Cardoza**

9. Plaintiff is a resident of Port Jefferson Station, New York.

10. From on or about March 2023 until November 2025, Plaintiff worked for Defendants.

11. Plaintiff was employed as a busboy and runner.

12. The work performed by plaintiff was directly essential to the business operated by Defendants.

13. Plaintiff was a covered employee within the meaning of FLSA and the NYLL.

**Defendants**

14. TBJK CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 271 Route 25, Suite 6, Mount Sinai, New York 11766.

15. Defendant, TBJK CORP., owns and operates a Japanese restaurant, doing business as "Midori Sushi & Steakhouse," located at 271 Route 25, Suite 6, Mount Sinai, New York 11766 (the "Restaurant").

16. The Individual Defendant, FENG WANG, is the officer and shareholder of TBJK CORP., and, as such is the owner, director, supervisor, managing agent, and proprietors of TBJK CORP., who actively participates in the day-to-day operations of the Restaurant and acted intentionally and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly liable with TBJK CORP.

17. The Individual Defendant exercises control over the terms and conditions of his employees' employment in that he has the power to do in fact: (i) hire and fire employees,

(ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

18. The Individual Defendant is present on the premises of the Restaurant daily, actively supervises the work of the employees, and mandates that all issues concerning the workers' employment – including hours worked and pay received – be authorized and approved by him.

19. Upon information and belief, TBJK CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales in excess of $500,000.00.

20. Defendants continuously employed (with the exception of a brief medical leave) Plaintiff to work at the Restaurant as a non-exempt busboy and runner from on or about March 2023 until on or about November 2, 2025.

21. Defendants willfully failed to pay Plaintiff his lawfully earned overtime compensation in violation of the FLSA and New York Labor Law.

22. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

23. Defendants knowingly and willfully failed to pay wages with the required frequency in direct contravention of New York Labor Law.

24. Defendants knowingly and willfully failed to provide a wage notice to Plaintiff upon time of hire in direct contravention of New York Labor Law.

25. Defendants knowingly and willfully failed to provide accurate wage statements in direct contravention of New York Labor Law.

## STATEMENT OF FACTS

**Plaintiff's Employment with Defendants**

26. Plaintiff was employed by Defendants as a busboy and runner at Midori Sushi & Steakhouse located at 271 Route 25, Suite 6, Mount Sinai, New York 11766.

27. Plaintiff's duties included, among other things, cleaning tables, clearing dishes, preparing and organizing silverware, assisting with restaurant service, and performing other duties assigned by Defendants.

28. Defendants employed approximately 24 employees, including kitchen workers, hibachi chefs, servers, runners, and other restaurant staff.

**Defendants' Business and Control Over Plaintiff's Employment**

29. Defendants operated Midori Sushi & Steakhouse located at 271 Route 25, Suite 6, Mount Sinai, New York 11766.

30. Upon Information and belief, Defendant Feng Wang owned, operated, and/or controlled Midori Sushi & Steakhouse, Inc. Plaintiff understood Feng Wang to be the owner of the restaurant, and employees referred to Feng Wang as the owner.

31. Defendants had the authority to hire and fire employees, set employee schedules, determine rates and methods of pay, maintain employment records, and supervise and control Plaintiff's work.

32. Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act and the New York Labor Law.

**Plaintiff's Work Schedule and Hours**

33. Plaintiff generally worked six days a week, Tuesday through Sunday, and worked seven days a week for approximately two weeks each month, adding Monday shifts on those weeks.

34. Plaintiff worked from approximately 10:20 a.m. to 9:00 p.m. on Tuesdays, Wednesdays, and Thursdays; from approximately 10:20 a.m. to 10:00 p.m. on Fridays; from approximately 11:20 a.m. to 10:00 p.m. on Saturdays; and from approximately 11:20 a.m. to 9:00 p.m. on Sundays.

35. Plaintiff regularly worked approximately 60 hours per week on six-day weeks, and approximately 70 hours per week on seven-day weeks which were worked every other week.

36. Plaintiff regularly worked days in which the interval between the beginning and end of his workday exceeded ten hours.

37. Defendants did not require Plaintiff to clock in or clock out, and upon information and belief.

38. Defendants failed to maintain accurate records of Plaintiff's hours worked.

**Plaintiff's Pay**

39. From approximately March 2023 through approximately May 2024, Defendants paid Plaintiff $1,200 every two weeks.

40. Beginning in approximately June 2024, Defendants paid Plaintiff $2,700 once per month, usually during the first days of the month.

41. Plaintiff was paid in cash.

42. Defendants did not pay Plaintiff based on an hourly rate.

43. Instead, Defendants paid Plaintiff a fixed amount regardless of the number of hours he worked.

Defendants did not provide Plaintiff with paystubs or wage statements.

44. Defendants did not require Plaintiff to sign any document acknowledging receipt of wages.

**<u>Defendants' Failure to Pay Proper Wages</u>**

45. Plaintiff regularly worked more than forty hours per workweek, but Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for all hours worked over forty in a workweek.

46. Plaintiff's fixed pay was intended to compensate him for the first forty hours worked in a workweek and did not include the overtime premium required for hours worked over forty.

47. Defendants failed to compensate Plaintiff for all overtime hours worked.

48. Defendants also failed to pay Plaintiff spread-of-hours compensation for days in which the interval between the beginning and end of Plaintiff's workday exceeded ten hours.

49. Defendants failed to pay Plaintiff with the frequency required by the New York Labor Law.

50. Defendants failed to provide Plaintiff with accurate wage statements with each payment of wages.

51. As a result of Defendants' failure to provide proper wage notices and wage statements, Plaintiff was unable to determine whether he had been properly paid for all hours worked, including overtime hours, and was deprived of information necessary to understand his rate of pay, overtime rate, hours worked, gross wages, deductions, allowances, and employer information.

**<u>Defendants' Violations of the Wage Theft Prevention Act</u>**

52. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

53. Throughout the relevant time, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

54. Plaintiff was never given a proper notice, in English and his native language, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**<u>Plaintiff's Separation from Employment</u>**

55. Plaintiff stopped working for Defendants on or about November 2, 2025.

56. Plaintiff stopped working for Defendants because of the workload and Defendants' late and improper payment practices.

**<u>Prior Lawsuits</u>**

57. This is at least the second lawsuit against Defendant TBJK Corp. for unpaid wages under the FLSA and the NYLL.

58. The first lawsuit was *Ruiz-Rios v. TBJK Corp. et al.*, 2:21-cv-06866-ST.

59. This matter was settled following the mediation on June 21, 2022. 21-CV-6866 (RPK) (ST).

60. The settlement agreement was in the amount of $70,000, $46,138.30 to the plaintiff and $23,861.68 to plaintiff's counsel.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of the Fair Labor Standards Act**
**(On Behalf of Plaintiff)**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

63. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of forty hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

64. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

65. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

66. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of New York Labor Law**

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

69. Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all hours worked in excess of forty hours per week, in violation of the NYLL.

70. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

71. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest pursuant to NYLL § 663.

**THIRD CAUSE OF ACTION**
**Unpaid Minimum Wages in Violation of New York Labor Law**

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

74. Defendants failed to pay Plaintiff minimum wage for hours worked in violation of the NYLL.

75. Through their knowing or intentional failure to pay Plaintiff minimum wages for hours worked, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest pursuant to NYLL § 663.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Spread of Hours Pay**

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

79. Throughout their employment, Plaintiff frequently worked more than ten hours in a workday.

80. Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

81. As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid spread of hours and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff.

84. At all relevant times, Plaintiff was a "manual laborer" within the meaning of New York Labor Law.

85. Defendants failed to pay Plaintiff on a timely basis as required by NYLL § 191(1)(a),

86. Throughout his employment, Plaintiff was frequently paid every other week or on the first of the month instead of on a weekly basis.

87. Due to Defendants violations of NYLL § 191(1)(a), Plaintiff is entitled to recover from Defendants the amount of the delayed wages by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**

88. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the

employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

90. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
**Failure to Provide Wage Statements in Violation of New York Labor Law**

91. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

93. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

94. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(a) Damages for the unpaid wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(b) Damages for the unpaid wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(c) Liquidated damages for failure to timely make payment pursuant to the NYLL;

(d) Damages for failure to make all required payments pursuant to the NYLL;

(e) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, § 198;

(f) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(g) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(h) For pre-judgment and post-judgment interest on the foregoing amounts;

(i) For the costs and disbursements of the action, including attorney's fees; and,

(j) For such other further and different relief as the Court deems just and proper.

Dated: August 20, 2026
New York, New York

**THE LAW OFFICES OF VINCENT BAUER**

By: *Vincent Bauer*
Vincent Bauer
425 Madison Ave, 3rd Floor
New York, NY 10017

*Attorneys for Plaintiff*